# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIENGKHAM CHAOPRASRIHOMKHAO,<br><br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL[1],<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No.: 1:16-cv-01778 - JLT<br><br>ORDER REMANDING THE ACTION PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)<br><br>ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF GIENGKHAM CHAOPRASRIHOMKHAO AND AGAINST DEFENDANT NANCY BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY |

Giengkham Chaoprasrihomkhao asserts he is entitled to disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. Plaintiff argues the administrative law judge ("ALJ") erred in evaluating the record and seeks judicial review of the decision to deny his applications for benefits. Because the ALJ erred by relying upon the testimony of a vocational expert without addressing an apparent conflict between the testimony and the *Dictionary of Occupational Titles*, the decision is **REMANDED** for further proceedings.

## **PROCEDURAL HISTORY**

Plaintiff filed his applications for benefits on April 2, 2013. (Doc. 10-6 at 5, 9) The Social Security Administration denied Plaintiff's applications at both the initial level and upon

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Nancy A. Berryhill for her predecessor, Carolyn W. Colvin, as the defendant.

1

reconsideration. (*See generally* Doc. 10-4) After requesting a hearing, Plaintiff testified before an ALJ on April 28, 2015. (Doc. 10-3 at 15) The ALJ determined Plaintiff was not disabled and issued an order denying benefits on June 19, 2015. (*Id.* at 15-23) When the Appeals Council denied Plaintiff's request for review on October 25, 2016, the ALJ's determination became the final decision of the Commissioner of Social Security ("Commissioner").

## STANDARD OF REVIEW

District courts have a limited scope of judicial review for disability claims after a decision by the Commissioner to deny benefits under the Social Security Act. When reviewing findings of fact, such as whether a claimant was disabled, the Court must determine whether the Commissioner's decision is supported by substantial evidence or is based on legal error. 42 U.S.C. § 405(g). The ALJ's determination that the claimant is not disabled must be upheld by the Court if the proper legal standards were applied and the findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health & Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197 (1938)). The record as a whole must be considered, because "[t]he court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion." *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).

## DISABILITY BENEFITS

To qualify for benefits under the Social Security Act, Plaintiff must establish he is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B). The burden of proof is on a claimant to establish disability. *Terry v.*

*Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990). If a claimant establishes a prima facie case of disability, the burden shifts to the Commissioner to prove the claimant is able to engage in other substantial gainful employment. *Maounois v. Heckler*, 738 F.2d 1032, 1034 (9th Cir. 1984).

## ADMINISTRATIVE DETERMINATION

To achieve uniform decisions, the Commissioner established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. §§ 404.1520, 416.920(a)-(f). The process requires the ALJ to determine whether Plaintiff (1) engaged in substantial gainful activity during the period of alleged disability, (2) had medically determinable severe impairments (3) that met or equaled one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1; and whether Plaintiff (4) had the residual functional capacity ("RFC") to perform to past relevant work or (5) the ability to perform other work existing in significant numbers at the state and national level. *Id.* The ALJ must consider testimonial and objective medical evidence. 20 C.F.R. §§ 404.1527, 416.927.

Pursuant to the five-step process, the ALJ determined Plaintiff did not engage in substantial gainful activity after the alleged onset date of September 23, 2009. (Doc. 10-3 at 17) At step two, the ALJ found Plaintiff's severe impairments included: "chronic esophageal disorder with tortuosity and dilation; dysphagia; and gastritis." (*Id.*) At step three, the ALJ determined Plaintiff did not have an impairment, or combination of impairments, that met or medically equaled a Listing. (*Id.* at 18) Next, the ALJ determined:

> [T]he claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b), including lifting and carrying 20 pounds occasionally and 10 pounds frequently, standing or walking for six to eight hours, and sitting for six to eight hours in an eight-hour day.

(*Id.* at 19) With these factors in mind, the ALJ determined at step four that Plaintiff was "capable of performing past relevant work as a manger [of an] apartment house… per the Dictionary of Occupational Titles." (*Id.* at 22) Consequently, the ALJ concluded Plaintiff was not disabled as defined by the Social Security Act. (*Id.* at 22-23)

## DISCUSSION AND ANALYSIS

Plaintiff contends the ALJ erred in finding Plaintiff is able to perform his past relevant work as defined by the *Dictionary of Occupational Titles*, because the ALJ failed to address his language

3

limitations. (Doc. 14 at 6-10) At step four, a claimant has the burden of proof to establish that she cannot perform her past relevant work "either as actually performed or as generally performed in the national economy." *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). Past relevant work is work performed in the last 15 years that lasted long enough to learn it, and was substantial gainful employment. SSR 82-61, 1982 SSR LEXIS 31.[2] The ALJ is not required to make "explicit findings at step four regarding a claimant's past relevant work both as generally performed and as actually performed." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001). Nevertheless, the Ninth Circuit explained that "the ALJ still has a duty to make the requisite factual findings to support his conclusion." *Id.*, 249 F.3d at 844.

The Social Security Administration has set forth three tests for an ALJ to determine whether a claimant retains the capacity for past relevant work, including:

> 1. Whether the claimant retains the capacity to perform a past relevant job based on a broad generic, occupational classification of that job, e.g., "delivery job," "packing job," etc.
>
> 2. Whether the claimant retains the capacity to perform the particular functional demands and job duties peculiar to an individual job as he or she actually performed it.
>
> 3. Whether the claimant retains the capacity to perform the functional demands the job duties of the job as ordinarily required by employers throughout the national economy.

SSR 82-61, 1982 SSR LEXIS 31, at *2-3. To determine how a claimant actually performed her work, an ALJ may consider: "(1) the claimant's own testimony, and (2) a properly completed vocational report." *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002), citing *Pinto*, 249 F.3d at 845, accord. SSR 82-61, SSR 82-41; *see also* SSR 82-62, 1982 SSR LEXIS 27, at * 6-7 ("statements by the claimant regarding past work are generally sufficient for determining the skill level, exertional demands and nonexertional demands of such work"). Usually, "the best source for how a job is generally performed" in determining the requirements of a claimant's past relevant work is the *Dictionary of Occupational Titles*, and vocational expert testimony may be considered at step four of the sequential analysis. *Pinto*, 249 F.3d at 845-46.

---

[2] Although Social Security Rulings issued by the Commissioner to clarify regulations and policies do not have the force of law, the Ninth Circuit gives the rulings deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

4

### A. Language Skills and Step Four

On an undated disability report form, Plaintiff indicated his preferred language was "Laotian," and that he could not "read well or write" in English. (Doc. 10-7 at 6, 18) Plaintiff completed forms with the assistance of an interpreter at the Social Security field office. (*Id.* at 24; Doc. 10-4 at 6) In addition, when Plaintiff testified before the ALJ, he did so with the assistance of an interpreter. (Doc. 13-3 at 30) Plaintiff said he was able to understand, speak, read, and write "[a] little bit" of English. (*Id.* at 33, 39) Thus, there is evidence in the record that Plaintiff had a limited ability with the English language.

The Ninth Circuit has declined to decide whether an ALJ is required to consider a claimant's language skills, including literacy, at step four of the sequential evaluation.[3] *Pinto*, 249 F.3d at 847 n. 5 (9th Cir.2001). However, in *Pinto*, the Ninth Circuit explained:

> The ability to communicate is an important skill to be considered when determining what jobs are available to a claimant. Illiteracy seriously impacts an individual's ability to perform work-related functions such as understanding and following instructions, communicating in the workplace, and responding appropriately to supervision. These are all factors that Social Security Ruling No. 96–8P requires an ALJ to consider when determining whether a claimant has the residual functional capacity to perform past relevant work. **Here the ALJ, although noting Pinto's limitation in both his findings of fact and hypothetical to the vocational expert, failed to explain how this limitation related to his finding that Pinto could perform her past relevant work as generally performed**.

*Id.* at 846–847 (emphasis added).

In this case, the ALJ called a vocational expert ("VE"), who "testified that [Plaintiff's] past work was classified by the *Dictionary of Occupational Titles* as follows: manager, apartment house, D.O.T., 186.167-018, light, skilled work, (SVP 5), performed as medium work by the claimant." (Doc. 10-13 at 22) The ALJ asked the VE to consider "a hypothetical person of the same age, education, language, which is limited English, and work background," with a restriction to work that required only light exertion. (*Id.* at 44) The VE responded the hypothetical individual could perform Plaintiff's past

---

[3] The Commissioner argues that the ALJ was not required to consider Plaintiff's language ability at step four because "vocational factors are not relevant at step four." (Doc. 15 at 7, emphasis omitted). The Commissioner asserts, "Plaintiff's challenge to the ALJ's step four finding fails as it is based solely on a vocational factor—his English language ability—that is not at issue in the ALJ's past relevant work finding." (*Id.* at 8) However, Plaintiff also asserts the ALJ erred at step four in relying upon the testimony of the vocational expert, asserting her testimony conflicted with the *Dictionary of Occupational Titles*. In this manner, both the ALJ and the Court must consider Plaintiff's language ability. *See Pinto*, 249 F.3d at 847-48 (finding the ALJ erred where he acknowledged the claimant was illiterate but failed to address this limitation at step four).

work "as the DOT has it [defined]," but "[n]ot as he performed it." (*Id.*) The ALJ inquired whether this testimony was consistent with the *Dictionary of Occupational Titles*, and the VE answered, "Yes." (*See id.* at 45)

**B.     Conflict with the *Dictionary of Occupational Titles***

Pursuant to SSR 00-4p[4], occupational evidence provided by a vocational expert "generally should be consistent with the occupational information supplied by the DOT." *Id.*, 2000 WL 1898704 at *2. When there is a conflict between the testimony of the vocational expert and the *Dictionary of Occupational Titles*, "the adjudicator must elicit a reasonable explanation for the conflict before relying on the [vocational expert testimony] to support a determination or decision about whether the claimant is disabled." *Id.* Further, SSR 00-4p provides:

> At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.
>
> Neither the DOT nor the [vocational expert] evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the [vocational expert] is reasonable and provides a basis for relying on the [vocational expert] testimony rather than on the DOT information.

*Id.* Accordingly, the Ninth Circuit has determined an ALJ must inquire "whether the testimony conflicts with the *Dictionary of Occupational Titles*," and may only rely upon conflicting expert testimony when "the record contains persuasive evidence to support the deviation." *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007); *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).

1.     Whether there is a conflict

The vocational expert testified an individual with the same "language, which is limited English" as Plaintiff was able to perform his past work as an apartment manager, DOT 186.167-018, as the job is defined by the *Dictionary of Occupational Titles*. (Doc. 10-3 at 44) Plaintiff contends the ALJ erred in relying upon this testimony in finding Plaintiff is able to perform his past work at step four, because the language level required by the job, as generally performed, exceed his ability. (Doc. 14 at 8)

---

[4] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" issued by the Commissioner. 20 C.F.R. § 402.35(b)(1). While SSRs do not have the force of law, the Ninth Circuit gives the rulings deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989); *Avenetti v. Barnhart*, 456 F.3d 1122, 1124 (9th Cir. 2006) ("SSRs reflect the official interpretation of the [SSA] and are entitled to 'some deference' as long as they are consistent with the Social Security Act and regulations").

According to the *Dictionary of Occupational Titles*, the position of apartment manager requires a Language Level 4. *See* DOT 186.167-018, 1991 WL 671326. Language Level 1 is the lowest language level contemplated by the *Dictionary of Occupational Titles*. *See Obeso v. Colvin*, 2015 WL 10692651 at *16 (E.D. Cal. Jan. 5, 2016); *see also Donahue v. Barnhart*, 279 F.3d 441, 445 (7th Cir. 2002) ("basic literacy (defined as a vocabulary of 2,500 words, the ability to read about 100 words a minute, and the ability to print simple sentences) is essential *for every job in the economy*") (emphasis in original). In contrast, under Language Level 4, the following is expected from an individual:

> READING: Read novels, poems, newspapers, periodicals, journals, manuals, dictionaries, thesauruses, and encyclopedias.
>
> WRITING: Prepare business letters, expositions, summaries, and reports, using prescribed format and conforming to all rules of punctuation, grammar, diction, and style.
>
> SPEAKING: Participate in panel discussions, dramatizations, and debates. Speak extemporaneously on a variety of subjects.

DOT 186.167-018, 1991 WL 671326.

Because the ALJ directed the vocational expert to consider an individual with "limited English," her testimony that the hypothetical person could perform work that required Language Level 4 clearly conflicts with the *Dictionary of Occupational Titles*.

    2.    Whether the record supports the deviation

Significantly, this Court has determined an ALJ cannot rely upon the testimony of a vocational expert when there is no explanation of how a claimant's language limitation affects the ability to perform work identified by the expert. *See, e.g., Singmuongthong v. Astrue*, 2010 WL 3715152 (E.D. Cal. 2010); *Her v. Astrue*, 2010 WL 328841 (E.D. Cal. 2010). For example, in *Singmuongthong*, the evidence established that the claimant was illiterate, though her past work required Language Level 1. *Id.* 2010 WL 328841 at *7. The ALJ asked the vocational expert to consider the plaintiff's language levels, but failed to explain the deviation from the *Dictionary of Occupational Titles* in finding that the claimant was able to perform work requiring Language Level 1. *Id.* Therefore, the matter was remanded for further proceedings. *Id.*

Similarly, in *Her v. Astrue*, the ALJ asked the vocational expert to consider the claimant's language limitation when determining the ability to perform past work. *Id.*, 2010 WL 328841 at *6.

Though the claimant's past work required Language Level 1, the vocational expert affirmed the availability of past work, without any discussion concerning the deviation. *Id.* at *5-6. As Defendant does here, it was argued that the claimant's alleged language limitations were irrelevant because the claimant performed her past work despite her illiteracy. *Id.* at *6. The Court explained that "[s]uch a statement is not persuasive evidence to support a deviation from a DOT requirement. Although a claimant is not per se disabled if he or she is illiterate, the ALJ must definitively explain why he or she deviates from the DOT's language requirements when finding that a claimant can perform her past relevant work." *Id.* at *6. (citations and quotations omitted).

As in both *Singmuongthong* and *Her*, the record fails to establish that Plaintiff would be able to perform the work identified by the vocational expert given his limited English—which was acknowledged by the ALJ. The vocational expert did not explain how a deviation from the language level identified by the *Dictionary of Occupational Titles* was appropriate when testifying an individual such as Plaintiff could perform the work "as the DOT has it." (Doc. 10-3 at 44) Consequently, the testimony of the vocational expert has no evidentiary value for the ALJ's conclusion that Plaintiff is able to perform his past relevant work as defined by the *Dictionary of Occupational Titles.*

**C.     Remand is Appropriate**

The decision whether to remand a matter pursuant to sentence four of 42 U.S.C. § 405(g) or to order immediate payment of benefits is within the discretion of the district court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Except in rare instances, when a court reverses an administrative agency determination, the proper course is to remand to the agency for additional investigation or explanation. *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002)). Generally, an award of benefits is directed when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). In addition, an award of benefits is directed where no useful purpose would be served by further administrative proceedings, or where the record is fully developed. *Varney v. Sec'y of Health & Human Serv.*, 859 F.2d 1396, 1399 (9th Cir. 1988).

The ALJ failed to resolve a conflict between the vocational expert's testimony and the language levels required under the *Dictionary of Occupational Titles*. Based upon the record, the Court is unable to determine whether Plaintiff is able to perform his past relevant work. Thus, a remand for further proceedings is appropriate in this matter. *See Zavalin v. Colvin,* 778 F.3d 842, 848 (9th Cir. 2015) (an ALJ's failure to reconcile apparent conflict was not harmless where the Court "cannot determine [from the record] whether substantial evidence supports the ALJ's step-five finding"); *see also Dieugenio v. Astrue*, 2010 WL 317269 at *3 (C.D. Cal. Jan. 19, 2010) (remanding the action for further proceedings where the ALJ failed to address an apparent conflict).

## CONCLUSION AND ORDER

Because the ALJ failed to apply the correct legal standards, the testimony of the vocational expert cannot be substantial evidence to support the conclusion that Plaintiff is able to perform work in the national economy. *See Zavalin*, 778. F.3d at 846; *Rawlings v. Astrue*, 318 Fed. Appx. 593, 595 (2009) ("Only after determining whether the vocational expert has deviated from the *Dictionary of Occupational Titles* and whether any deviation is reasonable can an ALJ properly rely on the vocational expert's testimony as substantial evidence to support a disability determination.") Consequently, the ALJ's decision cannot be upheld by the Court.[5] *See Sanchez*, 812 F.2d at 510.

Based upon the foregoing, the Court **ORDERS**:

1. The matter is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this decision; and
2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Plaintiff Giengkham Chaoprasrihomkhao and against Defendant, Nancy A. Berryhill, Acting Commissioner of Social Security.

IT IS SO ORDERED.

Dated: **January 3, 2018**  /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE

---

[5] Because the Court finds remand is appropriate for further administrative proceedings, it offers no findings on the remaining issue identified by Plaintiff in his opening brief.